# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON


PAMELA CORE,

              Plaintiff,             :         Case No. 3:11-cv-166

                                         District Judge Timothy S. Black
   -vs-                            Magistrate Judge Michael R. Merz
                           :

CHAMPAIGN COUNTY BOARD
 OF COUNTY COMMISSIONERS,

              Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This disability discrimination case is before the Court on Defendant's Renewed Motion for Judgment on the Pleadings (Doc. No. 25). Plaintiff has opposed the Motion (Response in Opp., Doc. No. 26) and Defendant has filed a Reply in support (Doc. No. 27). A motion for judgment on the pleadings is a dispositive motion on which a magistrate judge must file a report and recommendations. Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).


### Procedural History


Plaintiff filed her original Complaint in this case asserting claims under the Americans with Disabilities Act (Count I) and disability discrimination under cognate Ohio law (Count II)(Doc. No. 1). Basically, Plaintiff has been employed by the Defendant Board of County Commissioners in their Department of Job and Family Services since February 2003. She alleged that she began developing breathing problems in February 2008 which grew progressively worse over the next two

years and that Defendant had discriminated against her by refusing to provide a reasonable accommodation to her disability.

On November 21, 2011, I recommended granting Defendant's Motion for Judgment on the Pleadings directed to the original Complaint (Report and Recommendations (the "Report"), Doc. No. 12). In the Report I concluded that Plaintiff had pled that she suffered from a disability – asthma and sensitivity to perfumes and other scented objects which interfered with the major life activity of breathing. *Id.* at PageID 97. She had "also pled specific facts which lend plausibility to this allegation: medical diagnosis and severe allergic reaction requiring hospital treatment on exposure to a particular perfume, Japanese Cherry Blossom Perfume, known to have been present in the workplace." *Id.*

Nevertheless, I recommended that the Complaint be dismissed without prejudice for failure to state a claim upon which relief could be granted because Plaintiff had attached documents to her Complaint, properly considered on a motion for judgment on the pleadings, which were fatal to her claim. *Id.* at PageID 99.

Plaintiff objected to the Report and I filed a Supplemental Report and Recommendations (the "Supplemental Report," Doc. No. 14) reaching the same conclusion. Plaintiff had objected "that the Magistrate Judge relied 'exclusively on the letters from Defendant's counsel arguing that the accommodations requested were not reasonable'" I admitted that this was so, but concluded I was required to do so because it was Plaintiff who had attached Defendant's counsel's argumentative correspondence to his own pleading and thereby made it a part of her own allegations in the case. Supplemental Report, Doc. No. 14, PageID 112. I noted a prima facie conclusion that Plaintiff could plead a case of disability discrimination without attaching that correspondence and invited a motion to amend which would omit it. *Id.* at PageID 113.

Plaintiff accepted the invitation and filed her Amended Complaint at the end of 2011 (Doc.

No. 22).  The instant Renewed Motion followed.

## Analysis

In the Renewed Motion Defendant accepts the standard for deciding such motions already laid out in the Report.  Basically, motions for judgment on the pleadings are to be adjudicated using the same standard that applies to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).   To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face", *Savoie v. Martin*, ___F.3d ___, 2012 U.S. App. LEXIS 4579, *6, 2012 WL 695531 *2 (6th Cir. Mar. 6, 2012), quoting *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dept. of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 570 (2007),  and that "[a]ll well-pled facts in the complaint must be accepted as true." *Savoie, supra,* citing, *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009), citing *Ashcroft v. Iqbal,* 556 U.S. 662,  ___, 129 S.Ct. 1937, 1949 (2009).

The pleading problem with the original Complaint, as it was analyzed in the Report and Supplemental Report, was that it incorporated by reference attachments which contained Defendant's counsel's allegations about the claim, essentially adopting those allegations as part of the Plaintiff's statements of fact.  Defendant posits that the First Amended Complaint is identical for the Complaint except for the omission of Exhibits G through N (Renewed Motion, Doc. No. 25, PageID 172). Plaintiff does not dispute that description.

But, Defendant says, Plaintiff cannot eliminate those Exhibits from consideration on the Renewed Motion because on a Fed. R. Civ. P. 12(c) motion directed to an amended complaint, "[i]t is proper for a court to consider an original [c]omplaint, including attachments, which has been

supplanted by an [a]mended [c]omplaint." (Renewed Motion, Doc. No. 25, PageID 173. Defendant relies on *Svete v. Wunderlich,* 2008 WL 4425509 (S.D. Ohio Sept. 30, 2008)(Sargus, J.), for this proposition of law.

Mr. Svete was convicted in federal court in Florida of extensive fraud in connection with the sale of "viatical" life insurance policies. He originally brought the action against three doctors[1], all related to physician retainer agreements which were attached to the complaint. When statute of limitations defenses were raised, Svete filed an amended complaint "which, without changing the essential nature of the original's lengthy allegations, omits the above three dates that can be linked to the Defendant's [sic] performance under their contracts with MUI. Those contracts show they were executed on Dec. 26, 1997 and June 15, 1998 . . ." *Svete*, 2008 WL 4425509 at *8. In relying on dates pled in Svete's original Complaint but omitted from his amended complaint,[2] Judge Sargus relies on *Pennsylvania R. Co. v. City of Girard,* 210 F.2d 537 (6th Cir. 1954), where the appeals court treated facts pled in an initial complaint as judicial admissions, even though they were not re-pled in an amended complaint.

This precedent does not require the Court to grant the Renewed Motion. As the Magistrate Judge already concluded, the original Complaint stated a prima facie case for disability discrimination, but facts in the attachments contradicted that prima facie case. The problematic facts were essentially allegations of Defendant's counsel; but by attaching them to the Complaint, Plaintiff had essentially adopted them. In the Supplemental Report, the Magistrate Judge indicated he knew of no good reason for attaching that correspondence under the Federal Rules of Civil Procedure. Plaintiff's counsel obviously concurred and removed the correspondence from the First Amended

---

[1]Mr. Svete is serving his imprisonment term in Ohio and proceeded in Judge Sargus' case, as well as in other litigation in this District, *pro se.*

[2]The dates of execution of the contracts were shown on the fact of those documents which were attached to both the original and amended complaints.

Complaint.

There is no good reason why Plaintiff should not be relieved of the mistake of attaching the correspondence. Unlike the fatal admissions of Mr. Svete in the body of his complaint, the allegations of Defendant's counsel in the attached correspondence ought not to be treated as judicial admissions of the Plaintiff. The Federal Rules of Civil Procedure favor resolution of cases on their merits. See *Foman v. Davis*, 371 U.S. 178 (1962). Fed. R. Civ. P. 15 allows plaintiffs to correct omissions in original pleadings. There is no good reason, at least in this case, why it should not be interpreted to allow them to delete matter not needed to plead a claim.

Defendant also argues that, even without the attachments, it is entitled to judgment on the pleadings because Plaintiff is not a qualified individual with a disability because there is no reasonable accommodation to be made to her disability. However, whether a proposed accommodation is reasonable is a mixed question of law and fact and therefore not to be resolved on a motion for judgment on the pleadings. *Howard v. City of Beavercreek*, 108 F. Supp.2d 866, 872 (S.D. Ohio 2000).

It is therefore respectfully recommended that the Renewed Motion for Judgment on the Pleadings be denied.

April 2, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).